EDWARD A. STANLEY, Administrator *vs.* WILLIAM GAYLORD.

In an action of trespass, brought by an administrator, for taking chattels, an averment in the declaration, that the defendant took and carried away certain chattels " of the plaintiff's intestate," sufficiently avers property in the intestate, and will be construed as an averment of a taking and carrying away in his life time : But *quære,* whether such action can be maintained by an administrator.

In an action by an administrator against A., to recover the value of a cow taken by him from the intestate, B. testified that the cow was the property of the intestate by virtue of an exchange of cows by him and the intestate, and that there was an agreement, at the time of the exchange, that he should keep the cow in question for the intestate. *Held,* that A. might prove — as one link in the chain of evidence that the intestate was not the *bona fide* owner of the said cow — that B., after said exchange, made a mortgage of said cow to A., without proving that it was made with the knowledge or consent of the intestate.

THIS was an action of trespass, brought by the administrator of the estate of Fanny Thayer. Writ dated July 17th

1843.    The declaration alleged that the defendant " took and drove away a certain cow of the plaintiff's intestate," &c.

At the trial in the court of common pleas, before *Cushing*, J. the evidence was, that the taking of the cow by the defendant was in the autumn of 1842, and that said Fanny Thayer died in January 1843.    The defendant objected to the declaration, on the ground that there was no sufficient allegation of property in the plaintiff; but this objection was overruled.

The plaintiff called H. J. Franklin as a witness, who stated, on inquiry as to his interest in the cause, that he was an heir of said Fanny.    The plaintiff, to render the witness competent, produced a certificate of the clerk of the district court of the United States, dated August 29th 1843, that the witness had been discharged under the bankrupt act of 1841; and also a release to the plaintiff, by the witness, of all claim by the witness on the estate of said Fanny.    The defendant objected to these instruments, as insufficient to qualify the witness to testify; but the judge admitted him.    Said witness testified, that he made an exchange of cows with said Fanny, at Springfield, in the autumn of 1840; that both cows were then on his farm in Amherst; and that he agreed to keep the cow, which is the subject of this action, for said Fanny.    The defendant, to show that there never was a *bonâ fide* exchange with said Fanny, and that she was not the owner of the said cow, offered to prove that the witness had conveyed said cow to him, to secure two notes, by two mortgages, both dated August 30th 1841, one of them executed on that day, and recorded on the 4th of October following, and the other executed in February or March 1842; and stated that, upon this and other evidence to be produced, he expected to satisfy the jury that the plaintiff had no title to the property in question.    The plaintiff objected to the admission of this evidence, unless it should be accompanied by evidence that the mortgages were made with the knowledge or consent of the said Fanny; and the judge excluded it.

A verdict was returned for the plaintiff, and the defendant alleged exceptions to the rulings of the judge.

Stanley, Administrator *v.* Gaylord.

*Huntington* for the defendant.

*Ashmun & Delano,* for the plaintiff.

HUBBARD, J. The objection to the declaration is, that there is no sufficient allegation of property in the plaintiff, upon which judgment can be rendered in his favor ; that it is not the case of a title defectively stated, and which is cured by the verdict, but one in which no title is set forth. The ground of this objection is, that there can be no property in a dead person, and that here the allegation is of the taking and driving away of a " cow of the plaintiff's intestate."

It is certainly necessary, in actions of trespass and trover for the wrongful taking or conversion of goods, as a common rule of pleading, to aver possession in the plaintiff when the cause of action arose. But when the plaintiff sues in another right than his own, he may state the nature of his interest. As in trover by an administrator, he may aver that the intestate, in his life time, being possessed of divers goods, &c., casually lost the same, and then aver a conversion during his life time, or after his decease, according to the fact. 2 Chit. Pl. (6th Amer. ed.) 838 – 842. And so, in the present case, the averment, though informal, will be presumed, upon a reasonable construction, to be of a taking and carrying away in the life time of the intestate, as the property is alleged to be in her, and not in the plaintiff ; which averment is sustained by the evidence as reported.

But in expressing our opinion of the sufficiency of the declaration as to the averment of interest, we do not mean to decide as to the proper form of action, nor to rule that an action of trespass, on the facts as stated, can be maintained by the administrator. See *Smith* v. *Milles,* 1 T. R. 480. *Wilson* v. *Knubley,* 7 East, 135.

It was also objected that Franklin, who was called as a witness and admitted to testify, was not a competent witness, on the ground that he was one of the heirs of the intestate, and had not been duly released. The release which was before the court below is not now produced, it having been mislaid  We therefore cannot express an opinion as to its

Stanley, Administrator *v.* Gaylord.

sufficiency. But we do not doubt that a release may be so drawn by an heir, that he may be admitted as a witness in a suit in which an administrator of the ancestor, acting in behalf of his estate, is a party.

As to the sufficiency of the discharge of the witness, under the bankrupt law, as taking away his interest, it is not necessary to express an opinion, as the point has not been pressed by the counsel for the plaintiff.

In the progress of the cause, the defendant offered to prove that the cow had been twice mortgaged to him by Franklin, to secure two notes, and that he relied upon the proof of the mortgages and upon other evidence to be produced, to show that the plaintiff had no title to the property in question. This evidence was excluded by the court, unless the defendant could show that the mortgages were made with the knowledge or consent of the intestate. But we think the judge erred in this ruling.

The witness had been owner of the property, and the plaintiff relied on a title in his intestate, derived from the witness. But the defendant also claimed under the witness, and was also a creditor of his; and we think it was competent for him to offer the notes and mortgages in evidence, to establish the fact that he was a creditor of the assignor, and had a right to impeach the title of the plaintiff's intestate, as fraudulent against creditors; and that the admissibility of the evidence does not depend on the fact of the intestate's knowledge of the defendant's mortgage. It is admissible to prove that the defendant was a creditor of the vendor; and proving that, the defendant may go on further to prove, if in his power, that the plaintiff's title was fraudulent against creditors. It is said that he did not offer the mortgages to show that he was a creditor, and that he ought to have alleged his purpose more distinctly, to entitle him now to press this exception. But the notes and mortgage were offered to disprove the fact that the plaintiff's intestate was the *bonâ fide* holder of the property; and to enable him to do this, he had, we think, a right

to introduce the mortgages as one link in the chain of evidence to establish his defence.

As to the question whether trover would not have been the proper form of action, and then, that trover could not be maintained without proof of a previous demand on the defendant, we observe that the objection to the form of action does not appear to have been taken in the court below. It was incidentally raised in the argument of the defendant's counsel in this court, and was not discussed by the counsel for the plaintiff. Without, therefore, deciding as to the proper form of action, it is sufficient to say, that the plaintiff can, if he sees fit, move for leave to change the form of action, on the further hearing of the case. [See 1 Cush. 536.]

*New trial granted.*